MILLER, Judge
(dissenting).
I respectfully dissent.
As I understand the record in this case, the evidence that plaintiff is unable to return to hard manual labor preponderates against the opinion of the treating physician who was unsupported (by other witnesses) in his conclusion.
Defendants’ primary defense in this case was that plaintiff failed to prove that his back injury was related to any accident which occurred during plaintiff’s employment with the Messengers. In brief to this court, defendants again argued at length that the trial court was manifestly wrong in this regard. Although the majority has not discussed this defense, in my view ap-pellees are more convincing in their attack on this decision by the trial court, than they are in supporting the finding that plaintiff has recovered from the surgical removal of his grossly herniated disc.[1]
*618 My brothers of the majority are not impressed by the fact that Dr. Fox estimated that plaintiff has “a fifteen percent partial permanent disability of the back and ten percent of the body as a whole.” Neither do they mention that this 48 year old illiterate claimant has an outstanding work record. He was uniformly, highly recommended by his employers. This is his first claim. He has always supported his large family by performing hard manual labor. At trial, he still was the sole support for his wife and eight of his children. When he was injured, he was working eleven hour days, seven days a week, weather permitting. The majority opinion does not note that since compensation benefits were terminated, this claimant and his family have existed on welfare and social security disability payments.
As to the social security disability award, we do not have testimony of Dr. C. W. Lowrey, orthopedic surgeon of Alexandria. But plaintiff established that he made every effort to get this before the Court. Dr. Banks testified that his office records showed that his associate Dr. Low-rey examined plaintiff on July 30, 1969 “at which time a report was submitted to the Disability Determinations of the Social Security Administration.” Tr. 18. Plaintiff attempted to depose Dr. Lowrey concerning this examination and his report. Dr. Lowrey refused to testify (P-6) because this information was privileged and referred plaintiff to the Department. The report was requested from the Department (P-7) and the information was refused (P-8) on the ground that this information is available only for purposes related to the old-age and survivors insurance and disability insurance programs.
Plaintiff’s eligibility for welfare and disability social security benefits is more impressive when it is noted that Dr. Fox furnished two or three reports to the Natchi-toches Parish Welfare Department and one to “Social Security.”
Dr. Fox acknowledged that in his experience, about thirty percent of the patients with plaintiff’s history are not able to return to hard manual labor. Nevertheless, he was firm in his opinion that this 48 year old patient was one of the seventy percent who were able to return to hard manual labor.
On the other hand, Dr. Banks was just as certain that plaintiff could not “drive a tractor all day.” Tr. 34, 37. Additionally, Dr. Banks did not think plaintiff would improve “much more.” Tr. 37. Dr. Banks found tightness of the low back but no muscle spasm. He concluded that “this tightness was related to age and due to scarring from surgery.” There were no Achilles reflexes on either side.
My appraisal of the medical evidence requires a consideration of the lay testimony. And the lay testimony uniformly supports plaintiff’s complaint that he cannot return to work. In this regard I am particularly impressed by the testimony of his two employers. George C. Messenger testified that he has seen plaintiff on “a few occasions” since the operation; that plaintiff walks stiff and does not get around like he used to. Tr. 142. Paul Messenger testified that plaintiff does not get around as good now as he did before the accident. Tr. 149.
Since the opinion of the treating physician stands alone, I am persuaded by the other evidence that plaintiff proved his disability. He should be drawing workmen’s compensation benefits rather than *619 welfare and social security disability benefits.
The writer respectfully dissents.
On Application for Rehearing.
En Banc. Rehearing denied.
MILLER, J. votes for a rehearing.

. Defendants contend that plaintiff failed to prove an accident on the basis that (1) plaintiff worked for other employers from time to time; (2) that plaintiff did not report to the Doctors or to the Messengers that he injured his back while carrying soybeans on July 6, 1967; (3) that defendants had completed planting soybeans before July 6, 1967; (4) that although plaintiff said he was alone at the time of the accident, plaintiff worked with another employee; (5) that plaintiff’s testimony is contradictory; (6) that plaintiff denied a prior back injury when in fact he had been treated for a back injury some 10 to 14 years earlier; (7) and that plaintiff worked for several weeks after July 5, 1967.
(1) Although plaintiff worked for other employers at times, he was steadily employed by the Messengers during the period in question. (2) Mr. George O. Messenger testified under examination by the Court (Tr. 143-5) that he reported the accident to his insurance company and told them “ * * * that I did know the man had been lifting some sacks for me, and it was possible — it was possible, you see, that tliat could have liap-peued, and that I thought he was a deserving case.” Paul Messenger said he learned about the accident from plaintiff “or uh, one of those boys right there talking in the morning, you know.” Tr. 146. Dr. Fox testified that plaintiff said he hurt his back on the job while doing heavy work “planting a tremendous amount of soybeans.” (3) There was no proof as to when the 1967 soybean crop was planted, although there was an indication that they usually finished planting before July. (4) The Messengers admitted that plaintiff worked alone a great deal of the time, and that help was furnished to him on only a few occasions. (5) For an illiterate, plaintiff’s contra-tradictions were not crucial. (6) The prior back injury occurred in a minor traffic accident, and did not disable plaintiff for longer than three weeks. Since that time he has always been employed. He worked for the railroad repairing roadbeds, he has cut and loaded pulpwood, and has worked as a farm hand. Additionally, he would haul hay on a contract basis. If he was injured ten years before, he proved a full recovery. (7) The pay checks which plaintiff re *618 ceived from the Messengers subsequent to the accident were for hauling hay. Most of the work was performed by others and most of the pay was in turn paid out to others. This testimony by plaintiff was not denied by the Messengers.
The trial judge is well supported in his finding that plaintiff proved that he sustained an accident in the course and scope of his hazardous employment for the Messengers and that his disability is related to that accident.